UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REGINALD DESTINA,

Petitioner,

v. Case No.: 2:26-cv-02694-SPC-NPM

DAVID HARDIN *et al.*,

Respondents.

______________________________/

**OPINION AND ORDER**

Before the Court are Reginald Destina's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).

Destina is a native and citizen of Haiti. He fled to Brazil after gang members with adverse political affiliations destroyed his property and threatened him with violence. On December 30, 2024, Destina lawfully entered the United States through the CBP One program. U.S. Customs and Border Protection (CBP) admitted him through April 24, 2026, commenced removal proceedings by issuing a notice to appear, and released him into the country pending a result in his immigration case. Destina applied for asylum and received work authorization. He has no criminal history whatsoever. On July 19, 2026, Immigration and Customs Enforcement officers arrested Destina because of his immigration status. He remains detained at Glades County Detention Center.

Destina claims his detention is unlawful because he entered the country lawfully and timely filed an asylum application, which remains pending. The Court construes Destina's claim to arise under the Due Process Clause of the Fifth Amendment. In response, the government argues Destina is an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). As the government acknowledges, its position is contrary to binding Eleventh Circuit precedence. In *Hernandez Alvarez*, the Eleventh Circuit held, "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior. By interpreting § 1225 to stretch far beyond the border and ports of entry, the Government vitiates this longstanding distinction." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026).

The Court turns to the merits of Destina's due process claim. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Destina's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Second, the risk of erroneous deprivation of that interest is substantial here. Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). It is the government's position that Destina is subject to mandatory detention despite the absence of any special justification simply because it classifies him as an "arriving alien" (contrary to the plain meaning of the term and the law of this circuit). Without some consideration

of the facts, there is nothing to ensure immigration detention serves its statutory purposes and is used in accordance with the Constitution and the laws enacted by Congress.

Third, the government has not established any legitimate interest in Destina's continued detention. Immigration detention has two statutory goals: to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community. *Zadvydas*, 533 U.S. at 690. Destina's detention serves neither purpose. He has done everything right. He lawfully entered the country with the government's express authorization and timely applied for asylum based on his fear of gang violence in his home country. With his asylum application pending, he has a plausible pathway to lawful residence and thus ample incentive to continue participating in his immigration case. What is more, Destina has two minor daughters who do not have reliable access to food and shelter without him. The record is devoid of any evidence suggesting Destina is a flight risk. Nor is there evidence he is a danger to the community. He has no criminal history whatsoever.

For these reasons, the Court finds that the government violated Destina's Fifth Amendment rights by detaining him without due process.

Accordingly, it is hereby

**ORDERED**:

Reginald Destina's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Destina and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 15, 2026.

Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record